# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

00 NOV 15 AM II: 40

EASTERN

| | | |
|---|---|---|
| JUANITA HINDSMAN, INDIVIDUALLY | § | |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF HER DECEASED | § | |
| HUSBAND, FRANKLIN D. HINDSMAN; | § | |
| REBECCA HINDSMAN LACOUR, | § | |
| SHERRI HINDSMAN WALTERS, and | § | |
| DEBBIE HINDSMAN STOCKSTILL, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CASE NO: 2:00cv242-TJW |
| | § | |
| BOBBY H. JOHNSON, D/B/A JOHNSON | § | |
| TRUCKING AND DAVID WAYNE | § | |
| DAWSON, | § | |
| **Defendants.** | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

**TO THE HONORABLE COURT:**

NOW COMES, **JUANITA HINDSMAN,** individually and as the personal representative of the estate of her deceased husband, Franklin D. Hindsman; REBECCA HINDSMAN LACOUR, SHERRI HINDSMAN WALTERS, AND DEBBIE HINDSMAN STOCKSTILL, complaining of BOBBY H. JOHNSON, d/b/a JOHNSON TRUCKING and

DAVID WAYNE DAWSON, and for cause of action would respectfully show the court the following:

## PARTIES

1.     Plaintiff, Juanita Hindsman, is an individual residing in McLeod, Cass County, Texas.  She is the surviving wife of her deceased husband, Franklin D. Hindsman.

Plaintiff, Rebecca Hindsman LaCour, is an individual residing in Dallas, Dallas County, Texas.  She is a surviving daughter of her deceased father, Franklin D. Hindsman.

Plaintiff, Sherri Hindsman Walters, is an individual residing in Vivian, Caddo Parish, Louisiana.  She is a surviving daughter of her deceased father, Franklin D. Hindsman.

Plaintiff, Debbie Hindsman Stockstill, is an individual residing in Monroe, Monroe Parish, Louisiana.  She is a surviving daughter of her deceased father, Franklin D. Hindsman.

2.     Defendant, BOBBY H. JOHNSON, d/b/a JOHNSON TRUCKING, is a resident of Mississippi owning and operating a trucking company engaged in interstate commerce and that does business in the State of Texas and may be served by serving his agent for service of process, M. Rex Evilsizor, 1845 Precinct Line Road, Suite 215-C, P.O. Box 54848, Hurst, Texas 76054-4848.

3.     Defendant, DAVID WAYNE DAWSON, is an individual residing outside the State of Texas and may be served at 31 Fulton Street, Burnsville, Mississippi, 38833.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this court as the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00) and there is complete diversity of citizenship between the plaintiffs and the defendants. Jurisdiction is based upon 28 U.S.C. § 1332. Venue is proper in this court and predicated upon 28 U.S.C. §1391(a).

## FACTUAL BACKGROUND

5.     This action arises from a motor vehicle accident that occurred on April 27, 2000. Franklin D. Hindsman was traveling northbound on U.S. Highway 45 in Tupelo, Lee County, Mississippi. Also traveling northbound was a truck owned by defendant, BOBBY H. JOHNSON, d/b/a JOHNSON TRUCKING and being operated by his employee, DAVID WAYNE DAWSON. Also traveling northbound was a vehicle being driven by Jacqueline Brown. Plaintiffs allege that the truck owned and operated by JOHNSON TRUCKING made an unsafe lane change, entered Brown's lane of traffic and struck her vehicle. As a result of the impact between the Johnson and Brown vehicles, Brown lost control of her vehicle and ultimately Brown or Johnson, or both, struck the vehicle operated by Franklin D. Hindsman.

The severity of the impact caused Hindsman's vehicle to violently and repeatedly roll over and Franklin D. Hindsman was ejected from his vehicle. Plaintiffs would show that at all relevant times DAVID WAYNE DAWSON was in the course and scope of his

employment for BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING. Further, Plaintiffs would show that at all relevant times DAVID WAYNE DAWSON had express or implied authority to operate the Johnson truck and was doing so at the direction and with the consent of BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING.

Plaintiffs would show that DAVID WAYNE DAWSON was negligent in the operation of his vehicle and that his negligence constituted the sole or a proximate cause of the accident and the resulting death of Franklin D. Hindsman and the damages sustained by the plaintiffs. In particular, plaintiffs would show that DAVID WAYNE DAWSON was negligent in making an unsafe lane change, failing to maintain a proper lookout, operating his vehicle at an unsafe speed and failing to use reasonable and ordinary care under the existing circumstances. Plaintiffs allege that BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING is vicariously liable for the acts of DAVID WAYNE DAWSON under the doctrine of *respondeat superior*. Alternatively, DAVID WAYNE DAWSON had express or apparent authority to operate the truck and was the agent of BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING.

## NEGLIGENCE ACTION

6.      Plaintiffs adopt by reference and incorporate herein the factual background set out in the above-numbered paragraph. Plaintiffs would show that DAVID WAYNE DAWSON was negligent in making an unsafe lane change, failing to maintain a proper

lookout, operating his truck at an unsafe speed, and in failing to exercise ordinary care under the existing circumstances. Each of these acts or omissions of negligence, all or singular, constitute the sole or a proximate cause of the accident in question and the resulting death of Franklin D. Hindsman and the damages sustained by the plaintiffs.

At all relevant times, DAVID WAYNE DAWSON was operating the JOHNSON TRUCKING truck within the course and scope of his employment for JOHNSON TRUCKING. Thus, JOHNSON TRUCKING is vicariously liable for Dawson's acts of negligence under the doctrine of *respondeat superior.* Alternatively, DAVID WAYNE DAWSON had express or apparent authority to operate the truck and was the agent of BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING.

## GROSS NEGLIGENCE ACTION

7.     Plaintiffs would show that at all relevant times DAVID WAYNE DAWSON was operating the JOHNSON TRUCKING vehicle with a suspended license and without the requisite skills or qualifications. Plaintiffs would show that BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING knew that Dawson was not qualified or properly licensed but rather was incompetent to drive a truck and that he was in violation of Department of Transportation rules and regulations. Plaintiffs would show that BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING willfully, knowingly, intentionally and recklessly exposed Franklin D. Hindsman to an extreme risk of danger by permitting DAVID WAYNE

DAWSON to operate a motor vehicle in violation of state and federal law.  BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING while aware of the risk involved, nevertheless proceeded with conscious indifference to the rights, safety and welfare of Franklin D. Hindsman and was guilty of gross negligence.  Plaintiffs are entitled to recover judgment against BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING for exemplary or punitive damages.

## DAMAGES

8.     The negligence and gross negligence of the defendants proximately caused Franklin D. Hindsman to suffer severe physical pain and mental anguish from the time the accident occurred at approximately 8:00 a.m., April 27, 2000, until the hour of his death at 3:29 p.m. April 30, 2000.  In particular, Franklin D. Hindsman suffered a burst fracture or spinal cord compression fracture of the first lumbar vertebra rendering him paralyzed at the scene of the accident.  Franklin D. Hindsman was unable to move his legs or control his bowel function for the remaining three (3) days of his life.  Franklin D. Hindsman remained conscious throughout this ordeal and suffered extreme physical pain.  Franklin D. Hindsman suffered extreme mental anguish fearing that he would be paralyzed and possibly die, unable to care for himself or provide for his wife for the remainder of his life.  Franklin D. Hindsman also sustained massive internal injuries as a result of the accident and his physical condition deteriorated and ultimately led to a bowel infarction.  Franklin D. Hindsman

remained conscious while his physical condition deteriorated. Franklin D. Hindsman consented to undergo surgery after his treating physicians advised him that his condition was so serious that he would certainly die without surgery and might die with surgery. Franklin D. Hindsman suffered the most extreme mental anguish until the moment of his death.

Plaintiffs would show that the estate of Franklin D. Hindsman is entitled to recover damages for the conscious physical pain, emotional pain, torment and suffering experienced by Franklin D. Hindsman before his death as a result of the accident. Further, the estate of Franklin D. Hindsman is entitled to recover the reasonable expense of the necessary medical and hospital care received by Franklin Hindsman for treatment of the injuries sustained by him as a result of the accident and for the funeral and burial expenses for Franklin D. Hindsman reasonably suitable to his station in life.

Juanita Hindsman was married to Franklin D. Hindsman at the time of his death. They had a loving relationship. Juanita Hindsman is entitled to recover damages for loss of the care, maintenance, support, services, household services, advice, counsel and reasonable contributions of a pecuniary value sustained in the past and that she would have received, in reasonable probability in the future, from Franklin D. Hindsman had he lived. Further, Juanita Hindsman is entitled to recover for the loss of society and companionship and for her own mental anguish sustained in the past and that she in all reasonable probability will

sustain in the future as a result of the death of Franklin D. Hindsman. Further, Juanita Hindsman is entitled to recover for her loss of inheritance.

Rebecca Hindsman LaCour is one of three daughters of Franklin D. Hindsman. She is entitled to recover pecuniary damages for the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she would have received, in reasonable probability in the future, from Franklin D. Hindsman had he lived. Further, Rebecca Hindsman LaCour is entitled to recover for the loss of society and companionship that she would have received, in reasonable probability, from her father had he lived. Rebecca Hindsman LaCour is also entitled to recover for the mental anguish she has experienced because of the death of her father, Franklin D. Hindsman.

Sherri Hindsman Walters is one of three daughters of Franklin D. Hindsman. She is entitled to recover pecuniary damages for the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she would have received, in reasonable probability in the future, from Franklin D. Hindsman had he lived. Further, Sherri Hindsman Walters is entitled to recover for the loss of society and companionship that she would have received, in reasonable probability, from her father had he lived. Sherri Hindsman Walters is also entitled to recover for the mental anguish she has experienced because of the death of her father, Franklin D. Hindsman.

Debbie Hindsman Stockstill is one of three daughters of Franklin D. Hindsman. She is entitled to recover pecuniary damages for the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she would have received, in reasonable probability in the future, from Franklin D. Hindsman had he lived. Further, Debbie Hindsman Stockstill is entitled to recover for the loss of society and companionship that she would have received, in reasonable probability, from her father had he lived. Debbie Hindsman Stockstill is also entitled to recover for the mental anguish she has experienced because of the death of her father, Franklin D. Hindsman.

As a result of the wrongful death, personal injuries and special damages set out in the foregoing paragraphs, the plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this court.

9. The negligence of BOBBY H. JOHNSON d/b/a JOHNSON TRUCKING, and DAVID WAYNE DAWSON as set out above, was of such character that the defendants are guilty of gross negligence. The defendants' acts and omissions constitute such an entire want of care to establish that their negligence was the result of an actual conscious indifference to the rights, safety or welfare of Franklin D. Hindsman for which the defendants are liable for exemplary or punitive damages, an award of damages to serve as an example to others and as a penalty or by way of punishment to the defendants, in excess of the minimum jurisdictional limits of this court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiffs prays that defendants be cited

herein to appear and answer herein and that upon final hearing that plaintiffs have judgment

against defendants as prayed for hereinabove for both actual and punitive damages, cost of

court, together with pre-judgment interest and post-judgment interest as provided by law,

and for such other and further relief, both general and specific, at law or in equity, to which

plaintiffs may show themselves to be justly entitled and for which they will ever pray.

Respectfully submitted,


ATCHLEY, RUSSELL, WALDROP &
HLAVINKA, L.L.P.
1710 Moores Lane, P.O. Box 5517
Texarkana, TX 75505-5517
Telephone: 903-792-8246
Facsimile: 903-792-5801

By: _____
Robert W.  Weber
State Bar I.D. No.  21044800
Attorney In Charge
Attorney for Juanita Hindsman, Individually and
as Personal Representative of the Estate of her
deceased husband, Franklin D. Hindsman,
Plaintiff


And

**TUCKER & RATCLIFFE, L.L.P.**
3500 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: 903-740-3000
Facsimile: 214-740-3001

By: _____
     John Ratcliffe
     State Bar I.D. No. 16560500
     Attorney In Charge
Attorney for Rebecca Hindsman LaCour, Sherri Hindsman Walters and Debbie Hindsman Stockstill, surviving daughters of Franklin D. Hindsman